IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANA BERTHA FRANCISCO CARRILLO, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, UR M. JADDOU in her official capacity, and ALEJANDRO MAYORKAS in his official capacity, <br><br> Defendants. | No. 23-cv-06298 <br><br> Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ana Bertha Francisco Carrillo applied to USCIS for a provisional waiver for unlawful presence in June 2022. Defendant USCIS has not yet adjudicated that application. Plaintiff sued Defendants USCIS, USCIS Director Ur M. Jaddou, and Department of Homeland Security Secretary Alejandro Mayorkas seeking resolution of her waiver application. Defendants seek dismissal and argue, among other things, that, by statute, the Court has no jurisdiction to hear this case. Because the Court agrees with Defendants that it lacks jurisdiction, the motion to dismiss is granted, and the case is dismissed without prejudice.

I.   BACKGROUND

   A.   USCIS and the I-601A Waiver

United States Citizenship and Immigration Services (USCIS) is an agency within the Department of Homeland Security that manages lawful immigration into the United States. *See* 6 U.S.C. § 271(a). Among other responsibilities, Congress charged USCIS with adjudicating immigration visa petitions. § 271(b). To begin the process of family-based immigration, either a United States citizen or lawful permanent resident must file a petition on behalf of his or her family member who is a foreign national to classify the family member as an immigrant relative. 8 U.S.C. § 1154(a)(1)(A)(i). Once classified as an immigrant relative, the foreign national family member must complete an immigrant visa interview at either a United States embassy or consulate abroad and show that he or she is both admissible to the United States and eligible for an immigrant visa. 8 U.S.C. §§ 1201(g), 1202, 1255(a).

Congress has categorized some classes of foreign nationals as inadmissible to the United States and therefore ineligible to receive immigrant visas. § 1182(a). One ground of inadmissibility is substantial ongoing unlawful presence in the United States. § 1182(a)(9)(B)(i). Specifically, foreign nationals who have spent more than 180 days unlawfully present in the United States are considered inadmissible for either three or ten years, depending on the duration of their unlawful stay. 8 U.S.C. § 1182(a)(9)(B).

Congress has enabled the Secretary of Homeland Security to waive an applicant's past unlawful presence if he or she is a spouse or child of a United States citizen or permanent resident, and if he or she can demonstrate that a denial of

admission would cause "extreme hardship" to that relative. 8 U.S.C. § 1182(a)(9)(B)(v). The applicant must prove these elements by a preponderance of the evidence, as well as demonstrate that he or she merits "a favorable exercise of discretion" by the Secretary. 8 C.F.R. § 212.7(e)(7).

In most cases, foreign nationals can apply for waivers of inadmissibility only after they have appeared for their visa interview abroad, even though they may currently be present in the United States. 22 C.F.R. § 40.92(c). But DHS and USCIS have published rules that allow foreign nationals who live in the United States to request a provisional waiver of inadmissibility—called a Form I-601A provisional waiver—before leaving the country for the processing of their immigrant visas. *See* Expansion of Provisional Unlawful Presence Waivers of Inadmissibility for Certain Immediate Relatives, 81 Fed. Reg. 50244, 50245 (July 29, 2016); Provisional Unlawful Presence Waivers of Inadmissibility for Certain Immediate Relatives, 78 Fed. Reg. 536 (Jan 3, 2013). The foreign national is permitted to wait in the United States while USCIS adjudicates the waiver, but the individual cannot seek work authorization in the interim. 8 C.F.R. § 212.7(e)(2). If the foreign national leaves the country before receiving the I-601A waiver, they become inadmissible for either three or ten years. 22 CFR § 40.92.

B.  **Plaintiff's allegations**

Plaintiff alleges that Defendant USCIS is causing her harm through its delay in adjudicating her application for a provisional I-601A waiver. (Dkt. 1 ¶ 28.) Plaintiff contends that her United States citizen spouse filed an immigrant visa petition on her behalf in August 2020; that petition was approved by USCIS in July 2021. (*Id.*

3

¶ 25.) Plaintiff alleges that she filed her Form application for provisional unlawful presence waiver in June 2022. (*Id.* ¶ 26.) Plaintiff explains that her application remains pending. (*Id.* ¶ 27.)

Plaintiff alleges that Defendant USCIS's median processing time for I-601A waiver applications (31.7 months as of fiscal year 2022) is unreasonable. (*Id.* ¶¶ 57, 61.) Plaintiff explains that she cannot leave the United States until the provisional waiver is granted, because if she did, Plaintiff would be deemed inadmissible for lawful reentry for either three or ten years. (*Id.* ¶ 29.) Defendant USCIS's delay has allegedly caused Plaintiff great stress, as the waiver's pendency has resulted in Plaintiff being unable to create stable personal or professional plans, and Plaintiff worries about being separated from her family. (*Id.* ¶ 28.)

Plaintiff's complaint asserts one cause of action: that Defendant USCIS's delay in adjudicating her waiver is an agency "action" that is "unreasonable" under the APA, 5 U.S.C. §§ 702, 706, and therefore judicial review is appropriate under 5 U.S.C. § 702. (Dkt. 1 ¶¶ 52–63.) Among other relief, Plaintiff requests that this Court (1) declare that Defendants have violated the APA by unreasonably delaying adjudication of Plaintiff's application; (2) order Defendants Jaddou and USCIS to adjudicate Plaintiff's waiver within 30 days; and (3) order Defendants Jaddou and USCIS to adjudicate all provisional unlawful presence waivers within 180 days of submission. (Dkt. 1 at 19–20.) Defendant moves to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. (*See generally* Dkt. 15.)

Because the Court must dismiss for lack of jurisdiction, this opinion does not consider Defendants' Rule 12(b)(6) arguments.

## II. STANDARD OF REVIEW

A motion under Rule 12(b)(1) challenges the Court's subject matter jurisdiction over a case. Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "are meant to test the sufficiency of the complaint, not to decide the merits of the case." *Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). When considering a Rule 12(b)(1) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Id.* But the plaintiff bears the burden of proving that the jurisdictional requirements have been met. *Id.*

## III. DISCUSSION

Defendants argue that the statutory language in this case precludes judicial review of Defendant USCIS's purported delay in adjudicating Plaintiff's application. (Dkt. 15 at 8.) Defendants point to the language of 8 U.S.C. § 1182(a)(9)(B)(v), "[n]o court shall have jurisdiction to review a decision or action by the [Secretary] regarding a waiver under this clause," and contend that the alleged unreasonable delay in adjudication is an "action" unreviewable by statute. (*Id.* at 8–9.) Delay is also an "action" under the APA, Defendants argue. (*Id.* (quoting *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004) (" '[A]gency action' is defined in [5 U.S.C.] § 551(13) to include 'the whole or a part of an agency, rule, order, license, sanction,

5

relief, or the equivalent or denial thereof, *or failure to act.*'" (emphasis added in *Norton*))).)

Defendants also argue that delay constitutes action under 8 U.S.C. § 1182(a)(9)(B)(v); a finding to the contrary, Defendants argue, would render the term "action" synonymous with "decision" and therefore superfluous. (Dkt. 15 at 9.) Defendants also contend that their interpretation of the statute is consistent with a recent ruling by the Supreme Court of the United States, *Patel v. Garland*, 596 U.S. 328 (2022), which Defendants argue establishes that a similar jurisdiction-stripping statute precludes judicial review of all relevant agency decisions, not just discretionary judgments. (*Id.* at 10–11.) Defendants contend *Patel v. Garland* establishes that the use of the phrase "regarding a waiver" in 8 U.S.C. § 1182(a)(9)(B)(v) broadens the category of agency "action" insulated from judicial review. (*Id.* at 11.)

Plaintiff premises jurisdiction on a provision of the APA that authorizes judicial review of an agency action so long as the subject of that action is "'suffering legal wrong'" or is "'adversely affected or aggrieved'" by the action. (Dkt. 17 at 4 (quoting 5 U.S.C. § 702).) Plaintiff explains that a court may "compel agency action that is unlawfully withheld or unreasonably delayed." (*Id.* (citing 5 U.S.C.§ 706(1)).)

With respect to Section 1182(a)(9)(B)(v) (the provision at issue), Plaintiff argues that USCIS has made neither a "decision" nor an "action . . . regarding a waiver" because the application remains pending. (Dkt. 17 at 5–6 (quoting 8 U.S.C. § 1182(a)(9)(B)(v)).) Plaintiff contends, therefore, that the jurisdiction-stripping

6

language of Section 1182(a)(9)(B)(v)) does not apply. (*Id.* at 5–6.) Plaintiff argues that the Court should instead recognize a presumption that Congress " 'intend[ed] judicial review of administrative action' " (*id.* at 5 (quoting *Am. Hosp. Ass'n v. Azar*, 967 F.3d 818, 824 (D.C. Cir. 2020))), and that this presumption can only be overcome if (1) the Court is presented with clear evidence that Congress intended to foreclose review (*id.* at 5 (citing *Azar*, 967 F.3d at 824)); or (2) if the Court cannot discern any "meaningful standard against which to judge the agency's exercise of discretion" (*id.* (quoting *Dep't of Commerce v. New York*, 588 U.S. __, 139 S.Ct. 2551, 2568 (2019))). Any other outcome, Plaintiff argues, would lead to the "absurd result that Defendants could collect fees for adjudicating provisional waiver applications and then stop adjudicating any, without any consequence." (*Id.* at 4–5.)

In reply, Defendants disagree with Plaintiff's argument that judicial review is proper under the APA. (Dkt. 19 at 3.) In Defendants' view, judicial review is precluded by the APA itself (*id.*): 5 U.S.C. § 701(a) establishes that the APA's provision of judicial review applies unless "statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Defendants dismiss Plaintiff's concern that a decision precluding review would render an "absurd" result by noting that Plaintiff's complaint does not allege Defendants have completely stopped adjudicating provisional waivers. (Dkt. 19 at 3.)

Civil immigration enforcement is a process in which the power of the Executive and the Legislature is significant, and that of the Judiciary limited. *Trump v. Hawaii*, 585 U.S. 667, 702 (2018) ("For more than a century, this Court has recognized that the admission and exclusion of foreign nationals is a fundamental sovereign attribute

7

exercised by the Government's political departments largely immune from judicial control.") (quotation omitted); *Kleindienst v. Mandel*, 408 U.S. 753, 769–70 (1972) ("Plenary congressional power to make policies and rules for exclusion of aliens has long been firmly established . . . . Congress has delegated conditional exercise of [the power to exclude aliens] to the Executive. We hold that when the Executive exercises this power negatively on the basis of a facially legitimate and bona fide reason, the courts will neither look behind the exercise of that discretion, nor test it . . . ."); *Yafai v. Pompeo*, 912 F.3d 1018, 1020 (7th Cir. 2019) ("Congress has delegated the power to determine who may enter the country to the Executive Branch, and courts generally have no authority to second-guess the Executive's decisions.").

Section 1182(a)(9)(B)(v) must be read in that historical light.[1] That provision reads: "The Attorney General has sole discretion to waive [the inadmissibility of certain aliens unlawfully present] . . . . No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause." 8 U.S.C. § 1182(a)(9)(B)(v). Given this provision's plain text and historical context, it is apparent that Congress intended to severely curb judicial review of such decisions.

But what is not immediately clear from the text itself is whether the alleged delay in adjudicating a waiver application constitutes a "decision or action . . . regarding a waiver . . . ." *Id.* The parties agree that Defendants have not

---

[1] This provision is but one of numerous provisions in immigration law that precludes judicial review of decisions by the Executive. *See, e.g.*, 8 U.S.C. § 1252(a)(2)(B) (Except for constitutional or legal issues, "no court shall have jurisdiction to review . . . (i) any judgment regarding the granting" of discretionary relief from an order of removal.)

8

issued a "decision" as to Plaintiff's waiver application. (*See* Dkt. 15 at 9 ("USCIS has not yet issued a decision on the plaintiff's Form I-601A application"); Dkt. 17 at 5 ("USCIS has not issued 'a decision . . . regarding a waiver' while Plaintiff's waiver application remains pending." (quoting 8 U.S.C. § 1182(a)(9)(B)(v))).) At issue is whether Defendants' delay in adjudication should be considered an "action . . . regarding a waiver." Given the language of the statute, practical implications of Plaintiff's arguments, and historical context, the Court holds that adjudication of Plaintiff's allegations would involve judicial review of actions regarding waiver applications, an inquiry precluded by 8 U.S.C. § 1182(a)(9)(B)(v).

Plaintiff's prayer for relief requests in part a declaration that Defendants have unreasonably delayed adjudication of Plaintiff's waiver application and a requirement that USCIS "decide the provisional waiver application . . . within 30 days." (Dkt. 1 at 20.) Taking judicial action in this case with the intention of acting on Plaintiff's requests would constitute judicial review of USCIS's "action . . . regarding" waivers in at least two ways. First, the Court would have to inquire into the actions Defendants have taken regarding Plaintiff's application to determine whether the delay alleged was "unreasonable"; that inquiry would, by definition, constitute a "review" of "action[s] . . . regarding" Plaintiff's waiver application in direct violation of 8 U.S.C. § 1182(a)(9)(B)(v). Second, Plaintiff's application is but one of many applications awaiting adjudication by Defendants; requiring Plaintiff's application to be adjudicated within a certain timeframe would necessarily result in a "review" of Defendant USCIS's procedures for adjudicating

9

such applications and compel Defendant USCIS to prioritize Plaintiff's application in contradiction with those procedures. And Defendant USCIS's actions taken in prioritizing applications—in other words, how Defendant USCIS arranges pending applications to determine which application is reviewed and adjudicated when—are "action[s] . . . regarding" waivers insulated from judicial review.[2]

Bolstering this finding is *Patel v. Garland*, which held that the word "regarding" has a "broadening effect." 596 U.S. at 329. And Congress's decision to preclude review of both "decisions" and "actions" indicates an intent for those words to have different meanings; if, as the parties agree, "decision" means adjudication of a waiver application, then Congress must have intended to insulate from judicial review at least some of the processes short of adjudication—including the order in which applications are adjudicated.

By its terms, 8 U.S.C. § 1182(a)(9)(B)(v) strips the Court of jurisdiction to hear this case. Accordingly, Plaintiff's case must be dismissed without prejudice.

## IV. CONCLUSION

Defendant's motion to dismiss is granted.

SO ORDERED in No. 23-cv-06298.

Date: May 28, 2024

JOHN F. KNESS
United States District Judge

---

[2] Another court in this District recently reached the same conclusion. *See Real v. U.S. Citizenship and Immigration Services et al.*, No. 23 C 14684, 2024 WL 764474, at *2 (N.D. Ill. Feb. 9, 2024).